1  MICHAEL J. McCUE (Nevada Bar #6055)
   MMcCue@LRRLaw.com
2  JONATHAN W. FOUNTAIN (Nevada Bar #10351)
   JFountain@LRRLaw.com
3  LEWIS ROCA ROTHGERBER LLP
   3993 Howard Hughes Parkway, Suite 600
4  Las Vegas, Nevada  89169
   Tel: (702) 949-8200
5  Fax: (702) 949-8398

6  COLBY B. SPRINGER (admitted *pro hac vice*)
   CSpringer@LRRLaw.com
7  LEWIS ROCA ROTHGERBER LLP
   2440 W. El Camino Real, 6th Floor
8  Mountain View, CA 94040
   Tel:  (650) 391-1380
9  Fax: (650) 391-1395

10  Attorneys for Plaintiff
    Nevada Property 1 LLC

11

12              **UNITED STATES DISTRICT COURT**

13                  **DISTRICT OF NEVADA**

14                                      Case No. 2:13-cv-01245-APG-GWF
    NEVADA PROPERTY 1 LLC
15
                  Plaintiff,           **FIRST AMENDED COMPLAINT**
16
            v.
17
    ACTIVISION TV, INC., FOUR WINDS
18  INTERACTIVE LLC, and YOUNG
    ELECTRIC SIGN COMPANY,
19
                  Defendants.
20

21       Plaintiff Nevada Property 1 LLC ("NP1"), for its first amended complaint against

22  Defendants Activision TV, Inc. ("Activision"), Four Winds Interactive LLC ("Four Winds"), and

23  Young Electric Sign Company ("YESCO"), alleges the following:

24                           **<u>JURISDICTION</u>**

25       1.    This Court has subject matter jurisdiction pursuant to 25 U.S.C. §§ 271 *et. seq.*  and

26  1338(a), because this case involves a substantial federal question under the patent laws of the

27  United States.

28       2.    This Court has general and specific personal jurisdiction over Activision.

                              -1-

3.     This Court has general personal jurisdiction over Activision due to its physical presence and conduct of business in Nevada, and due to its continuous and systematic contacts with Nevada which continue to this day.  David W. Gothard ("Mr. Gothard") incorporated Ad Media Displays, Inc. ("Ad Media Displays") on July 6, 1999, as a Wyoming corporation and registered it to do business in Nevada with the Nevada Secretary of State on July 31, 2001.  Ad Media Displays developed, offered for sale, and/or sold digital signage products, including "in-room" products that combine computer and television technology to create an all-in-one media delivery system for hotels, through which hotel guests can watch movies, television shows, and play video games in their hotel rooms.  Ad Media Displays marketed its products to large hotels including large resort hotels located in Nevada.  Upon information and belief, such products included products covered by the Activision Patents (defined below).  The online records of the Nevada Secretary of State list the address for Ad Media Displays' corporate officers as P.O. Box 98314, Las Vegas, Nevada 89193, and identifies Mr. Gothard as its President and Denice Hetowski ("Ms Hetowski") as its Secretary.  Ad Media Displays conducted business in Nevada through offices physically located in Nevada.

4.     Mr. Gothard incorporated Activision as a Delaware corporation on October 10, 2006.  After Activision was incorporated it took over and continued conducting the business of Ad Media Displays.  Everyone working for Ad Media Displays in Nevada went to work for Activision in Nevada and, upon information and belief, at the same offices.  As of July 24, 2012, Ad Media Displays had no employees.  Activision has conducted business in Nevada through as many as four different offices in Nevada.  A Google search returns several web pages listing Activision's locations in Nevada, including 4045 Spencer Street, Suite B27, Las Vegas, Nevada 89119-5273; P.O. Box 98314, Las Vegas, Nevada 89193; and 2235 E. Flamingo Road, Las Vegas, Nevada 89119.  Until as recently as January, 2012, Activision's corporate Secretary, Ms. Hetowski resided in Las Vegas, Nevada.  In addition, prior to and since taking over the business of Ad Media Displays, Activision has attended and exhibited at trade shows in Nevada and has marketed products to businesses located in this judicial district.

5.     Activision maintains a Nevada telephone number: (702) 895-8861, which, upon

-2-

551990.1

information and belief, is the same number previously used by Ad Media Displays.  When phoned on September 23, 2013, the person who answered stated "Corporate headquarters."  In addition to maintaining a Nevada telephone number, Activision also maintains a Nevada address: P.O. Box 98314, Las Vegas, Nevada 89193, which, upon information and belief, is the same P.O. box previously used by Ad Media Displays.

6.   Activision is the mere continuation of Ad Media Displays.  Given the foregoing, the Court's exercise of general personal jurisdiction over Activision is constitutionally reasonable and comports with principles of fair play and substantial justice.

7.   This Court has specific personal jurisdiction over Activision.   Activision purposefully directed its activities to residents of the forum, including, but not limited to, attempting to enforce its patents against NP1 and at least two other entities in this judicial district, and attempting to interfere with NP1's day-to-day operation of its interior and exterior digital signage in this judicial district. NP1's claims arise out of or relate to Activision's activities in this forum in that NP1 is seeking a declaration that it may continue to operate its digital signage. Indeed, each of the patents at issue in this case identify Mr. Gothard as the inventor and list his address as being in Henderson, Nevada or Las Vegas, Nevada.  Given the foregoing, the Court's exercise of specific personal jurisdiction over Activision is constitutionally reasonable and comports with principles of fair play and substantial justice.

8.   This Court has general and specific personal jurisdiction over YESCO.  This Court has general personal jurisdiction over YESCO because it conducts continuous and systematic business in Nevada through offices located in Las Vegas, Reno, Elko, and Wendover.  This Court has specific personal jurisdiction over YESCO because NP1's claims arise out of, among others, contracts between NP1 and YESCO wherein YESCO consented to the jurisdiction of the state and federal courts located in Clark County, Nevada.  Accordingly, the Court's exercise of general and specific personal jurisdiction over YESCO is constitutionally reasonable and comports with principles of fair play and substantial justice.

9.   This Court has specific personal jurisdiction over Four Winds because NP1's claims arise out of, among others, contracts between NP1 and Four Winds wherein Four Winds

consented to the jurisdiction of the state and federal courts located in Clark County, Nevada. Accordingly, the Court's exercise of specific personal jurisdiction over Four Winds is constitutionally reasonable and comports with principles of fair play and substantial justice.

10.     Venue is appropriate in this judicial district.

## PARTIES

11.     Plaintiff Nevada Property 1 LLC (defined above as "NP1") is a Delaware limited liability company with its principal place of business in Las Vegas, Nevada.  NP1 owns and operates The Cosmopolitan of Las Vegas resort hotel and casino on the Las Vegas Strip in Las Vegas, Nevada.

12.     Defendant Activision TV, Inc. (defined above as "Activision") is a Delaware corporation with its principal place of business at 5400 Yahl Street, Suite D, Naples, Florida 34109.  Upon information and belief, Activision designs, manufactures, licenses and markets digital flat panel display systems for the hospitality, retail and government markets.

13.     Defendant Four Winds Interactive LLC (defined above as "Four Winds") is a Colorado limited liability company with its principal place of business at 3012 Huron Street, Denver, Colorado 80202.  Four Winds' registered agent in Nevada is CSC Services of Nevada, Inc., whose address is 2215-B Renaissance Drive, Las Vegas, Nevada 89119.

14.     Defendant Young Electric Sign  Company (defined above as "YESCO") is a Utah corporation with its principal place of business located at 2401 Foothill Drive, Salt Lake City, Utah 84109.  YESCO has business locations in Las Vegas, Reno, Elko, and Wendover, Nevada. YESCO's registered agent in Nevada is John S. Williams whose address is 5119 South Cameron Street, Las Vegas, Nevada 89118.

## FACTUAL ALLEGATIONS

15.     On or about October 10, 2009, Four Winds and NP1 entered into an agreement entitled "Master Purchase Agreement Between Four Winds Interactive LLC and Nevada Property 1 LLC" (hereinafter the "Master Purchase Agreement").  A true and accurate copy of the Master Purchase Agreement (but without its exhibits, schedules, and amendments) is attached hereto as Exhibit A.

551990.1

16.     Under the Master Purchase Agreement, Four Winds agreed to provide NP1 with digital signage, software, and services related thereto.

17.     Four Winds also agreed that its Deliverables would not infringe any patent owned by any third party.  To back this representation and warranty up, Four Winds also agreed to indemnify, hold harmless, and defend NP1.  In that regard, the Master Purchase Agreement states the following:

> Vendor [Four Winds] shall indemnify, hold harmless, and, at NP1's option, defend NP1 and its Personnel against any and all Liabilities asserted against or incurred by NP1 or its Personnel, arising out of or in connection with any claim that any of the Deliverables, or any part  thereof, directly or indirectly infringes, misappropriates, or violates (directly or indirectly) any patent . . . .

Exhibit A, Master Purchase Agreement ¶ 11.2.

18.     Under the Master Purchase Agreement, Four Winds provided NP1 with digital signage, software, and services related thereto.

19.     On December 15, 2009, NP1 and YESCO entered into an agreement entitled "Agreement for a Fixed Fee."   NP1 and YESCO subsequently entered into several written amendments to the Fixed Fee Agreement (together with all exhibits and amendments the "Fixed Fee Agreement").  A true and accurate copy of the Fixed Fee Agreement (but without its exhibits, schedules, and amendments) is attached hereto as Exhibit B.  Under the Fixed Fee Agreement, YESCO agreed to provide NP1 with electronic signage including digital displays.

20.     Under the Fixed Fee Agreement, YESCO agreed to defend and indemnify NP1 as follows:

> To the fullest extent permitted by law, Contractor shall defend, indemnify, and hold each of the Indemnitees harmless from any and all claims, causes of actions, [sic] damages, liabilities, losses, costs and expenses, including attorneys' fees, to the extent arising out of the negligent acts or omissions of Contractor, its Subcontractors or any tier, their respective employees and agents, or others for whom the Contractor is legally liable.  It is provided, however, that this Section 8.2 shall not apply with respect to any actions or damages based upon allegations of professional negligence by the Contractor.  <u>Otherwise, the foregoing indemnity shall apply regardless of whether the cause of any such claim, liability, or cause of action is based upon statutory, contractual, tort, or other theory of liability.</u>

Exhibit B, Fixed Fee Agreement, ¶ 8.2 (emphasis added).

21.     YESCO provided NP1 with electronic signage including digital displays under the

-5-

Fixed Fee Agreement.

22.     Activision claims to be the owner of several patents and pending patent applications relating to remote operation of electronic display systems, including, without limitation, the following U.S. patents: (a) "REMOTE CONTROL ELECTRONIC DISPLAY SYSTEM" (U.S. 8,330,613 issued on December 11, 2012); (2) "REMOTE CONTROL ELECTRONIC DISPLAY SYSTEM" (U.S. 7,369,058 issued on May 6, 2008); (3) "REMOTE CONTROL ELECTRONIC DISPLAY SYSTEM" (U.S. 6,384,736 B1 issued on May 7, 2002); and (4) "REMOTE CONTROL ELECTRONIC DISPLAY SYSTEM" (U.S. 6,215,411 B1 issued on April 10, 2001) (collectively, the "Activision Patents").

23.     On or about March 15, 2013, counsel for Activision sent a letter to NP1 accusing NP1 of infringing the Activision Patents based on NP1's use of remote control digital signage technology at The Cosmopolitan of Las Vegas in Las Vegas, Nevada.  A true and correct copy of the letter is attached as Exhibit C.  Upon information and belief, the electronic signage and digital displays Four Winds and YESCO provided to NP1 are the products that Activision claims NP1 is using and that allegedly infringe the Activision Patents.  Activision asked NP1 to provide certain information regarding the digital signage technology that NP1 was using so that Activision could make a monetary demand for a license fee from NP1.

24.     On or about April 5, 2013, counsel for Activision sent a second letter to NP1 accusing NP1 of infringing the Activision Patents based on NP1's use of remote control digital signage technology at The Cosmopolitan of Las Vegas in Las Vegas, Nevada.  A true and correct copy of the letter is attached as Exhibit D.

25.     On May 2, 2013, counsel for Activision and counsel for NP1 discussed Activision's allegations and the information that Activision was asking NP1 to provide.

26.     On May 23, 2013, in response to Activision's request, NP1 provided Activision with information regarding the technology that NP1 was using at The Cosmopolitan of Las Vegas, including identifying the suppliers of the technology.

27.     On June 5, 2013, NP1 provided notice of Activision's claims against NP1 in this lawsuit to Four Winds and requested that Four Winds confirm in writing by June 10, 2013, that it

551990.1

1    will defend and indemnify NP1.  A true and accurate copy of the letter is attached as Exhibit E.

2    To date, however, Four Winds has not done so.

3         28.    On June 5, 2013, NP1 provided notice of Activision's claims against NP1 in this

4    lawsuit to YESCO and requested that YESCO confirm in writing by June 10, 2013, that it will

5    defend and indemnify NP1.  A true and accurate copy of the letter is attached as Exhibit F.  To

6    date, however, YESCO has not done so.

7         29.    On June 13, 2013, Activision demanded that NP1 pay a substantial licensing fee to

8    Activision to enable NP1 to continue using the digital signage technology at its property in Las

9    Vegas, Nevada.

10        30.    On June 21, 2013, Activision made a direct and immediate threat of litigation

11   against NP1 for infringement of the Activision Patents.

12                                   **COUNT ONE**
                               **(Declaration of Invalidity under the**
13                    **Declaratory Judgment Act, 28 U.S.C. §§ 2201.** *et seq.***)**

14        31.    NP1 incorporates by reference the preceding allegations as though fully set forth

15   herein.

16        32.    An actual case or controversy exists between NP1 and Activision with respect to

17   the validity of the Activision Patents.

18        33.    The claims of the Activision Patents are invalid for failure to meet the conditions of

19   patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102,

20   103, 112, 132 and 251.

21        34.    The controversy is ripe for adjudication.

22        35.    Absent a determination of invalidity, Activision will continue to wrongfully assert

23   the Activision Patents against NP1, and thereby cause NP1 to suffer irreparable injury and

24   damage.

25                                   **COUNT TWO**
                           **(Declaration of Non-Infringement under the**
26                    **Declaratory Judgment Act, 28 U.S.C. §§ 2201.** *et seq.***)**

27        36.    NP1 incorporates by reference the preceding allegations as though fully set forth

28   herein.

-7-                                                                                        551990.1

37.     An actual case or controversy exists between NP1 and Activision with respect to infringement of the Activision Patents.

38.     NP1 has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the Activision Patents, either literally or under the doctrine of equivalents.

39.     The controversy is ripe for adjudication.

40.     Absent a determination of non-infringement, Activision will continue to wrongfully assert the Activision Patents against NP1, and thereby cause NP1 to suffer irreparable injury and damage.

**COUNT THREE**
**(Declaration of Obligation to Defend and/or Indemnify under the Declaratory**
**Judgment Act, 28 U.S.C. §§ 2201. *et seq.* – Against Four Winds)**

41.     NP1 incorporates by reference the preceding allegations as though fully set forth herein.

42.     An actual case or controversy exists between NP1 and Four Winds with respect to whether Four Winds has a duty to defend and/or indemnify NP1, as a matter of contract (express or implied in-fact), quasi-contract, in accordance with statutory or common law, or in accordance with principles of equity, against Activision's claims in this action.

43.     The controversy is ripe for adjudication.

44.     Absent a determination with respect to Four Winds' obligation to indemnify NP1, NP1 has suffered and will continue to suffer injury and damage.

**COUNT FOUR**
**(Declaration of Obligation to Defend and/or Indemnify under the Declaratory**
**Judgment Act, 28 U.S.C. §§ 2201. *et seq.* – Against YESCO)**

45.     NP1 incorporates by reference the preceding allegations as though fully set forth herein.

46.     An actual case or controversy exists between NP1 and YESCO, with respect to whether YESCO has a duty to defend and/or indemnify NP1, as a matter of contract (express or implied in-fact), quasi-contract, in accordance with statutory or common law, or in accordance with principles of equity, against Activision's claims in this action.

47.     The controversy is ripe for adjudication.

551990.1

48.    Absent a determination with respect to YESCO's obligation to indemnify NP1, NP1 has suffered and will continue to suffer injury and damage.

**PRAYER FOR RELIEF**

WHEREFORE, NP1 respectfully requests that this Court enter judgment in its favor and grant the following relief:

A.    Entry of judgment declaring that NP1 has not and does not infringe any valid and enforceable claim of the Activision Patents;

B.    Entry of judgment declaring that the claims of the Activision Patents are invalid;

C.    An order enjoining Activision and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with them from filing any action for infringement of the Activision  Patents against NP1 or anyone acting for NP1;

D.    Entry of judgment declaring that Four Winds is obligated to defend and indemnify NP1 against Activision's claims in this action;

E.    Entry of judgment declaring that YESCO is obligated to defend and indemnify NP1 against Activision's claims in this action;

F.    Any other relief the Court may deem just and proper under the circumstances.

DATED:  October 1, 2013.

LEWIS ROCA ROTHGERBER LLP

By:    /s/ Jonathan W. Fountain
MICHAEL J. McCUE (NV #6055)
JONATHAN W. FOUNTAIN (NV #10351)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398

COLBY B. SPRINGER
(admitted *pro hac vice*)
2440 W. El Camino Real, 6th Floor
Mountain View, CA 94040
Tel:  (650) 391-1380
Fax: (650) 391-1395

Attorneys for Plaintiff
Nevada Property 1 LLC

551990.1